C. SHEARER v. J. C. SMITH, ADMINISTRATOR, ETC.

1. A verdict was rendered as follows : " We, the jury, find for the plaintiff $750, United States currency, for hire of the negro from January 2,1863, to June 19, 1865, as per instruction of charge 4th. This is in full of all claims." *Held*, that the court below erred in rendering judgment for the sum thus specified, *with interest added* from January 1, 1866, to the day of the trial. No interest should have been adjudged ; and if interest was allowable on the verdict, it should have been calculated from June 19, 1865, and not from first of January, 1866. Article 3940, Paschal's Digest, would not apply.

2. In 1863, S. made his note to P. for $2200, payable "six months after the ratification of a treaty of peace between the Confederate States and the United States ;" the consideration expressed in the note being the purchase of a slave. Neither of the parties claimed that there was any contract of *hiring*, but the court below instructed the jury to find what was the reasonable hire of the slave from the date of the note to the emancipation of the slaves in this State. *Held*, that the instruction was erroneous ; the defendant could not be made liable as a hirer when his contract was one of purchase, if valid at all. (Pre-

siding Judge Evans dissenting on the ground, apparently, that no complaint was made, either in the court below or in this court, of the instruction thus given to the jury.)

ERROR from Harris. Tried below before the Hon. James Masterson.

The leading facts of the case are clearly stated in the opinion of the court. The parties amended their pleadings some half dozen times each, the defendant insisting that the event had never happened on which his note was payable, while the plaintiff contended that the real event was the return of peace, and not the ratification of a treaty of peace. Neither party pretended that the contract was other than one of sale and purchase.

The only error assigned was to the action of the court below in awarding judgment for interest as well as for the specific amount found by the jury.

After the rendition of the judgment in the court below, the defendant paid the specific amount found by the jury, and took his writ of error to get rid of the interest adjudged against him.

*Garnett & Garnett*, for the plaintiff in error.

*Gray & Botts*, for the defendant in error.

WALKER, J.—The plaintiff in error appears to be satisfied with the proceedings of the court and jury as they advanced, up to the rendition of judgment, and only assigns as error that the judgment does not correspond with the verdict.

The verdict of the jury reads as follows: " We, the jury, find for the plaintiff $750, United States currency, for hire of the negro from January 2, 1863, to June 19, 1865, as per instructions of charge 4th. This is in full of all claims." The court, in the judgment, added to this sum $292.50, as interest from January 1, 1866.

We are clearly of the opinion that this judgment was erroneous ; the verdict was clear and explicit in its language. The jury meant just what they said—that their verdict was to be in full of all demands. If there had been any room for mistake, or reason to believe that the jury intended that interest should be added to their verdict, then it should have been calculated from the nineteenth of June, 1865. But the court appears to have assumed the first of January, 1866, as the date from which interest was to be calculated. The statute could certainly have no application to a case like this.

The plaintiff asks this court to reverse the judgment and reform it. We will reverse, and remand the case.

The fourth charge of the court is erroneous, as we believe. There is no statement of facts accompanying the record, nor would it appear from the pleadings and the manner in which the case was conducted, that any evidence was offered on the trial other than the written obligation on which the suit was brought.

If the plaintiffs below had a right to recover at all, it was upon this contract, as there was no evidence, apparently, offered to vary it in any of its terms.

There is a tedious contest in the pleadings, which might have resulted in impressing the mind of the court with the idea that the defendant in error had a right to recover for the hire of the slave in the event of his not being entitled to recover the price for which the slave was sold. We cannot see the case in this light. If the intestate of the defendant in error sold the slave, she did not hire him, and the written contract, set out in the pleadings, shows that the slave was sold, and the pleadings reiterate this fact. The contract reads as follows :

"$2200.    HOUSTON, January 2, A. D. 1863.

"Six months after a ratification of a treaty of peace

between the Confederate States and the United States, I promise to pay to the order of Mrs. Martha W. Palmer twenty-two hundred dollars ($2200), with twelve per cent. per annum interest from date, payable in current money at that time. The consideration hereof being a certain negro man slave named Dick, this day sold and conveyed to me by the said Martha W. Palmer; and a lien having been by her retained upon said negro, in said conveyance, to secure the payment of the above obligation, said lien is hereby recognized and acknowledge as valid and binding for the purpose aforesaid.

"CHS. SHEARER."

The fourth instruction of the court to the jury reads as follows: "State by your verdict what the reasonable hire and service of the negro (the consideration of the note signed by Shearer) was, from the second day of January up to the, say, twenty-fifth of May, 1865." We are entirely unable to account for this charge. So far as this record shows, there was no note signed by Shearer for the hire and service of the negro. The charge was therefore unwarranted, calculated to mislead, and undoubtedly did mislead the jury; and the plaintiff in error should have appealed from the entire judgment.

With these remarks, we reverse the judgment and remand the cause.

EVANS, P. J.—I concur in the decision reversing the judgment, but not in the opinion of the court; believing that the judgment should be reformed so as to conform to the verdict of the jury.

REVERSED AND REMANDED.